```
1  ADAM WANG, Bar No. 201233
   ADAM PEDERSEN, Bar No. 261901
2  LAW OFFICES OF ADAM WANG
   12 South First Street, Suite 708
3  San Jose, CA 95113
   Telephone:    (408) 292-1040
4  Facsimile:    (408) 416-0248

5  Attorneys for Plaintiff

6  Rona P. Layton (SBN: 121238)
   P. Sophie Mai (254361)
7  SIMS & LAYTON
   84 W. Santa Clara Street, Suite 660
8  San Jose, CA 95113
   Ph: (408) 998-3400
9   FAX; (408) 297-1104
   rlayton@simsandlayton.com
10
11 Attorneys for Defendants
```

**IT IS SO ORDERED**
*James Ware*
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUBI VELZAQUEZ,<br><br>             Plaintiff,<br>      vs.<br><br>MUCHO CELLULAR, LLC., SALVADOR ESQUIVIAS, AND DOES 1-10,<br><br>             Defendantss | Case No.: 08-03955 JW<br><br>**ORDER RE: REASSIGNMENT TO MAGISTRATE JUDGE IN LIGHT OF THE PARTIES' CONSENT**<br><br>Date:    3/09/2009<br>Time:   10:00 a.m.<br>Judge:  Honorable James Ware<br>Room:  Courtroom 8, 4th Floor |

The parties to the above-entitled case jointly submit this Case Management Statement and request that the Court adopt the Statement in issuing its Case Management Order in anticipation of the Case Management Conference scheduled for March 9, 2009 at 10:00AM in Courtroom 8 before the Honorable James Ware.

**1.     JURISDICTION AND SERVICE OF PROCESS:**

   (a)     All named parties to this action have been properly served.

           (b) Jurisdiction of this court is proper as this matter presents a federal question under the FLSA, 29 USC §216, *et. seq*.

**2.** <u>FACTS</u>**:**

Plaintiff alleges that she was employed by Defendants as a worker in Defendants' Cellular Phone Resale Store. Plaintiff claims that during Plaintiff's employment Plaintiff was not paid overtime compensation although Plaintiff worked in excess of 40 hours a week or 8 hour a day on regular basis.

Plaintiff specifically alleges that while employed by the Defendants, she was paid by two differing methods. At first, Plaintiff she was paid on an hourly basis. During this time, the evidence clearly shows Plaintiff worked hours in excess of 40 per week. Despite this fact, Plaintiff was paid at Plaintiff's regular hourly rate for all hours worked. Plaintiff did not receive the requisite overtime hourly rate for hours over 40 in one week or 8 in one day.

Further, for the final months of Plaintiff's employment, Defendants began to pay Plaintiff on a salary basis. Again, Plaintiff continued to work in excess of 8 hours per day and 40 hours per week yet Plaintiff's salary was not properly adjusted to compensate for these overtime hours.

Plaintiff's complaint alleges violations of California Labor Code section 510, violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, failure to provide meal and rest periods in violation of California Labor Code §226.7, waiting time penalties under California Labor Code section 203, and violation of California Business and Professions Code section 17203.

<u>(b) **Defendants' Description of the Case**</u>

Plaintiff worked for Defendants on a full time basis and was paid accordingly.

<u>DISPUTED FACTS</u>**:**

(a) The number of hours Plaintiff worked;

(b) Whether Defendants have properly maintained complete and accurate records regarding Plaintiff's employment with Defendants;

(c) Whether or not Plaintiff was properly paid for all overtime hours worked.

**3.** <u>LEGAL ISSUES</u>**:**

(a) Whether or not Plaintiff was entitled to overtime pay for hours worked while

employed by Defendants;

  (b)    Whether or not Plaintiff's salary, when employed on a salary basis, was sufficient to compensate for overtime hours worked.

**4.**    <u>MOTIONS</u>**:**

  (a)    Motion for Summary Judgment;

  (b)    Defendants' Anticipated Motions

        a.  Defendants anticipate bringing a motion for summary judgment.

**5.**    <u>AMENDMENT OF PLEADING</u>

  (a)    None planned by Plaintiff at this time.

  (b)    Defendants do not anticipate amending their answer at this time.

**6.**    <u>EVIDENCE PRESERVATION</u>:

The parties have taken all appropriate steps to prevent document destruction.

**7.**    <u>DISCLOSURES</u>:

  (a)    Parties have not yet made initial disclosures pursuant to Rule 26(f). Parties will make their Initial Disclosures no later than March 9, 2009, the date scheduled for the initial Case Management Conference.

**8.**    <u>DISCOVERY</u>**:**

(1) Parties agree to a discovery plan as follows:

  (a)    The Parties are to adhere to the limitations set forth in the Federal Rules of Civil Procedure;

  (c)    Fact discovery cutoff on October 31, 2009;

  (d)    Expert disclosures by November 31, 2009;

  (e)    Experts rebuttal reports by December 15, 2009;

  (f)    Expert deposition to be completed by January 15, 2010.

(2) Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)

a. Rule 26(f)(1): What changes should be made in the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made?

The parties see no reason to make any changes to the time, form or requirements for disclosures.

b. Rule 26(f)(2): The subject on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

The parties see no reason to limit or focus discovery on particular issues.

c. Rule 26(f)(3) Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

The parties do not anticipate any issues relating to disclosure of discovery of electronically stored information. They agree to address any such issues in the event they arise.

d. Rule 26(f)(4) Any issues relating to claims of privilege or of protection as to trial-preparation material, including, if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order.

The parties do not anticipate any issues relating to claims of privilege or of protection as to trial – preparation material. They agree to address any such issues in the event they arise.

e. Rule 26(f)(5) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed?

The parties do not require any other changes to the limitations on discovery proposed by the Federal Rule or Local Rules at this time.

f. Rule(f)(6): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The parties do not request any other orders to be entered by the court under Rule 26(c) or Rule 16(b) and (c).

**9.     CLASS ACTIONS**:

(a) Plaintiff has filed this action a class action under the Federal Fair Labor Standards Act and intends to represent the interest of other employees similarly situated. According to information and belief the certification of such a class is supported by the facts in this case.

(b) Defendants' Position

This case is not a class action.

**10.    RELATED CASES**

The parties are unaware of any related cases.

**11.    RELIEF**

(a) Plaintiff seeks compensatory damages and penalties for unpaid overtime under the Fair Labor Standards Act and the California Labor Code in amounts to be proven at trial; for pre-judgment interest of 10% on the unpaid overtime compensation pursuant to the California Labor Code; waiting-time penalties under California Labor Code Section 203 in an amounts to be proven at trial; and attorney's fees pursuant to California Labor Code Section 1194(a) and 29 USC §216(b) of the FLSA.

(b) Defendants' Position

Defendants are a small corporation and its majority shareholder. They are being forced to defend themselves against a frivolous lawsuit brought by Plaintiff. This matter is a simple wage and hour matter that should have been filed with the Department of Fair Labor and Standards Act as opposed to the Federal Court system. Defendants will see attorney's fees and costs.

**12.    SETTLEMENT AND ADR:**

At this time, both parties have indicated a desire and a willingness to settle this matter promptly.  At this point, Parties have already entered into a stipulation for early neutral evaluation

and await such an order from this court.

**13.    CONSENT TO TRIAL BY A MAGISTRATE JUDGE:**

Both parties consent to trial by a magistrate judge.

**14.    OTHER REFERENCES:**

The parties do not request any special references at this time.

**15.    NARROWING OF ISSUES:**

Plaintiff contends that the issues in this case can be narrowed by factual discovery of Plaintiff's working hours, Defendants working hours, and determination regarding the propriety of Defendants' salary-type pay methods.

**16.    EXPEDITED SCHEDULE:**

The parties do not believe this case can be handled on an expedited basis due to the legal issue of class certification / collective action which must be resolved.

**17.    SCHEDULING**

The parties agree to the discovery deadlines set forth in Section 8 of this Statement and the class certification deadlines set forth in Section 9 of this Statement.

The parties further agree that the last day of hearing on dispositive motion will be January 31, 2010, that a pretrial conference will be conducted on or about February 15, 2010 and that trial commence on or about March 15, 2010.

**18.    TRIAL:**

Given the agreed upon schedule for discovery, parties request a trial date of March 15, 2010. Plaintiff has requested a jury trial.  Parties expect this action to take 5-7 days.

**19.    DISCLOSURE OF INTERESTED NON-PARTIES:**

There are no other non-party interested persons. Defendants will file its "Certification of Interested Entities or Persons" no later than March 9, 2009.

**20.**    The parties have not identified any other matters which will facilitate the just, speedy, and inexpensive disposition of this matter other than the already agreed mediation.

| | |
|---|---|
| Dated: February 27, 2009 | By:    _____/s/Adam Wang____<br>Adam Wang<br>Attorney for Plaintiffs |
| Dated: February 27, 2009 | By:    _____/s/_____<br>**Rona P. Layton**<br>Attorney for Defendants |

**\*\*\* ORDER \*\*\***

In light of the parties' consent, the Clerk of Court shall reassign this case to a Magistrate Judge.

Dated:  March 2, 2009            _____/s/ James Ware_____
JAMES WARE
United States District Judge