UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUBI VELAZQUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MUCHO CELLULAR, LLC., et al.,<br><br>　　　　Defendants. | Case No.: C 08-3955 PVT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER FOR FAILURE TO OBEY THE COURT ORDER** |

　　　　On February 20, 2010, Plaintiff filed a Motion to Strike Defendants' Answer for Failure to Obey the Court Order (the "Motion to Strike"). No opposition was filed. However, because it was not entirely clear from the record whether any copy of the motion was actually served on Defendants, on April 12, 2010, the court issued an interim order (the "Interim Order") which, among other things, ordered Defense counsel to file a proof of service showing when he forwarded a copy of Plaintiff's Motion to Strike on his former clients. The Interim Order also set a deadline of April 30, 2010, for Defendants to show cause, if any, why Plaintiff's Motion to Strike should not be granted, their answer stricken, default entered, and a default judgment issued against them in this matter. Pursuant to the Interim Order, on April 13, 2010, Defense counsel filed a proof of service showing service on Defendants themselves (by mail and email) of both Plaintiff's original motion to strike and the Interim Order. Defendants have not filed any response to the court's order to show cause, if any,

why Plaintiff's Motion to Strike should not be granted, their answer stricken, default entered, and a default judgment issued against them in this matter. Based on the foregoing and the file herein,

IT IS HEREBY ORDERED that Plaintiff's motion to strike Defendants' answer is GRANTED. The clerk of the court shall enter default against Defendants. Entry of default is warranted based on Defendants' failure to defend this action. *See* FED.R.CIV.PRO. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); *see also, e.g., IO Group, Inc. v. Jordon*, --- F.Supp.2d ----, 2010 WL 1541263, (N.D.Cal. April 16, 2010) (default entered against defendant who failed to respond to an order to show cause why default should not be entered based on failure to defend).

IT IS FURTHER ORDERED that Plaintiff shall file a noticed motion for entry of default judgment by the court pursuant to Rule 55(b)(2) no later than June 29, 2010 for hearing no later than August 3, 2010.[1] Plaintiff shall include in his motion an evidentiary showing regarding the nature of work she performed for Defendants, a reasonable basis for determining the number of hours she worked, and the amounts she was paid each pay period.

Dated: *5/28/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] Because Defendants previously appeared and filed an answer (*see* docket no. 5), Plaintiff must serve notice of the motion on Defendants. *See*, FED.R.CIV.PRO. 55(b)(2).

ORDER, *page 2*